**Jerry K. CHAMBLISS, Appellant**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, t/a Amtrak National RR Passenger Corporation, trading as Amtrak and Steven S. Snyder, Appellees.**

No. 07–7044.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 28, 2007.

Jerry K. Chambliss, Lawrenceville, GA, pro se.

Keith S. Fischler, Kruchko & Fries, McLean, VA, for Appellees.

BEFORE: ROGERS, GARLAND, and GRIFFITH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed February 20, 2007, be affirmed. Appellant has not demonstrated that the proffered reasons for the decision to terminate him were " 'false, and that discrimination [or retaliation] was the real reason.' " *Weber v. Battista,* 494 F.3d 179, 186 (D.C.Cir.2007) (quoting *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)). In addition, to the extent appellant raised a hostile work environment claim, he has failed to show he was subjected to discriminatory intimidation, ridicule, and insult that was so severe or pervasive it altered his conditions of employment and created an abusive working environment. *See Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998); *Hussain v. Nicholson,* 435 F.3d 359, 366 (D.C.Cir.2006).

Additionally, the district court correctly held that appellant's assault and battery claim was time-barred, *see* D.C.Code § 12–301(4); appellant failed to satisfy the elements of intentional interference with contract, *see Casco Marina Dev., L.L.C. v. District of Columbia,* 834 A.2d 77, 83 (D.C. 2003); and appellant did not present the "proof of extreme or outrageous conduct" necessary to support a claim of intentional infliction of emotional distress, *see Pitt v. District of Columbia,* 491 F.3d 494, 505–06 (D.C.Cir.2007).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.